**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4522

THOMAS NATHAN DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CR-95-502)

Submitted: November 6, 1997

Decided: November 21, 1997

Before WIDENER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Lee Jenkins, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Andrew S. Cowan, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Thomas Nathan Davis appeals his conviction for one count of assault with a dangerous weapon, in violation of 18 U.S.C.A. § 113(a)(3) (West Supp. 1997). He claims that there was insufficient evidence to sustain his conviction. Finding no merit to his contentions, we affirm.

Testimony at trial was conflicting. Norman "Danny" Loarca testified that, while he was preparing to pull his boat out of the Potomac River, Davis approached him with a knife complaining that Loarca was holding up traffic. Loarca ran, and as he did, he saw another person, Davis's son, smashing the windshield of Loarca's truck with an ax. Loarca grabbed him, both fell to the ground, and then Davis's son ran away. Davis then threw Loarca to the ground and jabbed him repeatedly with the knife. Meanwhile, Loarca saw Davis's son break the front window of Loarca's boat and damage the boat's fiberglass with the ax. Davis and his son eventually got into Davis's vehicle and sped away. Loarca sustained cuts in his left buttock and stomach area.

Loarca's story was corroborated by four government witnesses. Noe Loarca, Danny Loarca's father, testified that he saw a "young fellow" get out of Davis's vehicle and damage the boat with a hatchet. Farouk Hirmas, a friend of Danny Loarca's, testified that he saw Danny arguing with a man who was holding a knife. Michael Smith-Walker, a bystander, saw a person smashing Loarca's boat and then fleeing. Finally, Detective Ernest Hoenigmann, of the U.S. Park Police, testified that he located Davis three days after the incident based on the description of Davis's vehicle.

The defense consisted primarily of the testimony of Davis, who claimed that he was approached by seven or eight men throwing bottles at him. He said that, later, Danny Loarca blocked Davis's exit with his boat. After Davis and Loarca exchanged words, Davis testified that Loarca lunged at him with a knife. He also saw a wrench hit his van. In the struggle that ensued, Davis grabbed either the wrench or the knife. Davis also asserts that he heard one of Loarca's friends say "go get the pistola" before the struggle commenced. Davis

2

claimed that, as he drove away, someone threw a sledgehammer into the windshield of his vehicle.

Evidence is sufficient to support a conviction so long as, "viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original); <u>see United States v. Brewer</u>, 1 F.3d 1430, 1437 (4th Cir. 1993). An appellate court does not review the jury's decision on the credibility of witnesses. <u>See United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

The evidence at trial amply supported the jury's finding of guilt. The testimony of the Government's witnesses was enough to establish Davis's guilt if the jury found them credible, which it did. The jury's verdict indicated that it credited the testimony of Loarca over the testimony of Davis. The trial transcript reveals that Davis's version of the incident was often contradictory and was not consistent with the physical evidence. For example, Davis claimed that a sledgehammer was thrown and lodged in his windshield, an assertion directly contradicted by testimony that the windshield had several strike impressions on it, not one, and that the sledgehammer could not have lodged in the windshield because there was no hole in it.

Clearly, the jury had the opportunity to judge the demeanor and credibility of Davis and elected not to credit his testimony. We will not disturb the judgment. Accordingly, we find that a rational jury could have concluded that Davis assaulted Loarca with a dangerous weapon and did not act in self-defense. For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3